

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-1   SAMUEL FOBBS,
D-2   JOHNATHAN WALKER,
D-3   TODDERIQ ROSE,
D-4   CHRISTIAN TORAN,
D-5   JAMES HARRIS, and
D-6   TRAVOIN WRIGHT,

Defendants.

Case No. 25-cr-20873

Hon. Thomas J. Ludington
United States District Judge

Violations:
18 U.S.C. § 371
18 U.S.C. § 2113(b)

---

## SECOND SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

## General Allegations

At all times material to this indictment:

1.      SAMUEL FOBBS, JOHNATHAN WALKER, TODDERIQ ROSE, CHRISTIAN TORAN, JAMES HARRIS, and TRAVOIN WRIGHT were residents of the state of Texas.

2.      United Financial Credit Union, located in Saginaw, Michigan, was a credit union whose deposits were insured by the National Credit Union Administration.

3.      Abound Credit Union, located in Elizabethtown, Kentucky, was a credit

union whose deposits were insured by the National Credit Union Administration.

4.      Charter Bank, located in Waukee, Iowa, was a bank whose deposits were insured by the Federal Deposit Insurance Corporation.

5.      Two Rivers Bank, located in Ankeny, Iowa, was a bank whose deposits were then insured by the Federal Deposit Insurance Corporation.

## COUNT ONE
### Conspiracy to Commit Financial Institution Theft
### 18 U.S.C. §§ 371 and 2113(b)

D-1    SAMUEL FOBBS
D-2    JOHNATHAN WALKER
D-3    TODDERIQ ROSE
D-4    CHRISTIAN TORAN
D-5    JAMES HARRIS
D-6    TRAVOIN WRIGHT

6.      From on or about the beginning of May 2024, to on or about July 24, 2024, in the Eastern District of Michigan, and elsewhere, the defendants SAMUEL FOBBS, JOHNATHAN WALKER, TODDERIQ ROSE, CHRISTIAN TORAN, JAMES HARRIS, and TRAVOIN WRIGHT, knowingly conspired and agreed with each other, and with others known and unknown to the grand jury, to commit an offense against the United States, namely, to take and carry away, with intent to steal, more than $1,000 of United States currency in the care, custody, control, management and possession of United Financial Credit Union and Abound Credit Union, credit unions whose deposits were then insured by the National Credit Union Administration, and of Charter Bank and Two Rivers Bank, banks whose deposits

2

were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Sections 371 and 2113(b).

## OBJECT OF THE CONSPIRACY

7. The object of the conspiracy was to break into automated teller machines (ATMs) from various financial institutions to steal the United States currency stored inside in order for the conspirators to unlawfully enrich themselves.

## MANNER AND MEANS OF THE CONSPIRACY

8. It was part of the conspiracy that the defendants and others both known and unknown to the grand jury would act in concert in carrying out their criminal acts.

9. It was further part of the conspiracy that the defendants would use vehicles to travel across state lines from Texas to multiple states, including Michigan, Iowa, and Kentucky, to locate ATMs belonging to various financial institutions.

10. It was further part of the conspiracy that once at the respective locations, the defendants would steal a vehicle and use that vehicle, along with other tools including pry bars, to assist in the destruction and dismantling of the ATMs by attaching chains to the ATMs, dislodging them from their foundation, and then prying open the ATMs to retrieve the money inside.

3

11.    It was further part of the conspiracy that the defendants would use clothing to conceal their identities while they stole and purloined United States currency from the various ATMs.

## OVERT ACTS

12.    In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed:

13.    On a date unknown to the grand jury but no later than May 12, 2024, in the Eastern District of Michigan, members of the conspiracy stole, without authority from the owner, a Ford F-250 that was thereafter used by the defendants to dismantle the ATM owned by United Financial Credit Union.

14.    On or about May 12, 2024, in the Eastern District of Michigan, members of the conspiracy did take and carry away with the intent to steal and purloin money with a value exceeding $1,000, contained within an ATM, belonging to and in the care, custody, control, management and possession of United Financial Credit Union, a credit union whose deposits were then insured by the National Credit Union Administration.

15.    On or about May 12, 2024, in the Eastern District of Michigan, one or more of the defendants used a crowbar to break into the ATM to steal and purloin the money from within the ATM.

4

16.  On a date unknown to the grand jury but no later than July 19, 2024, members of the conspiracy stole, without authority from the owner, a U-Haul truck that was thereafter used by the defendants to dismantle the ATM owned by Charter Bank in Waukee, Iowa.

17.  On or about July 19, 2024, in Waukee, Iowa, members of the conspiracy did attempt to take and carry away with the intent to steal and purloin money with a value exceeding $1,000, contained within an ATM, belonging to and in the care, custody, control, management and possession of Charter Bank, a bank whose accounts were then insured by the Federal Deposit Insurance Corporation .

18.  On or about July 19, 2024, in Waukee, Iowa, one or more of the defendants used a crowbar to attempt to break into the ATM to steal and purloin the money from within the ATM.

19.  On a date unknown to the grand jury but not later than July 20, 2024, members of the conspiracy stole, without authority from the owner, a Ford F-250, that was thereafter used by the defendants to dismantle the ATM owned by Two Rivers Bank in Ankeny, Iowa.

20.  On or about July 20, 2024, in Ankeny, Iowa, members of the conspiracy did attempt to take and carry away with the intent to steal and purloin money with a value exceeding $1,000, contained within an ATM, belonging to and in the care,

custody, control, management and possession of Two Rivers Bank, a bank whose accounts were then insured by the Federal Deposit Insurance Corporation .

21. On or about July 20, 2024, in Ankeny, Iowa, one or more of the defendants used a crowbar to attempt to break into the ATM to steal and purloin the money from within the ATM.

22. On a date unknown to the grand jury but not later than July 24, 2024, members of the conspiracy stole, without authority from the owner, a Ford F-250 that was thereafter used by the defendants to dismantle the ATM owned by Abound Credit Union in Elizabethtown, Kentucky.

23. On or about July 24, 2024, in Elizabethtown, Kentucky, members of the conspiracy did attempt to take and carry away with the intent to steal and purloin money with a value exceeding $1,000, contained within an ATM, belonging to and in the care, custody, control, management and possession of Abound Credit Union, a credit union whose deposits were then insured by the National Credit Union Administration.

24. On or about July 24, 2024, in Elizabethtown, Kentucky, one or more of the defendants used a crowbar to attempt to break into the ATM to steal and purloin the money from within the ATM.

All in violation of Title 18, United States Code, Sections 371 and 2113(b).

## COUNT TWO
### Credit Union Theft
### 18 U.S.C. § 2113(b)

D-1　SAMUEL FOBBS
D-2　JOHNATHAN WALKER
D-3　TODDERIQ ROSE
D-4　CHRISTIAN TORAN

On or about May 12, 2024, in the Eastern District of Michigan, the defendants, SAMUEL FOBBS, JOHNATHAN WALKER, TODDERIQ ROSE, and CHRISTIAN TORAN, aided and abetted by each other, did take and carry away with intent to steal and purloin approximately $88,900 of U.S. currency, belonging to and in the care, custody, control, management and possession of the United Financial Credit Union, a credit union whose deposits were then insured by the National Credit Union Administration, in violation of Title 18, United States Code, Section 2113(b).

### FORFEITURE ALLEGATIONS
(18 U.S.C. § 981 and 28 U.S.C. § 2461)

1.　The allegations above contained in this Indictment are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461.

2.　As a result of violating Title 18, United States Code, Section 2113(b), as set forth in this Indictment, the defendants shall forfeit to the United States any

7

property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461.

3.     Substitute Assets: If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a)     Cannot be located upon the exercise of due diligence;

(b)     Has been transferred or sold to, or deposited with, a third party;

(c)     Has been placed beyond the jurisdiction of the Court;

(d)     Has been substantially diminished in value; or

(e)     Has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461, to seek to forfeit any other property of defendants up to the value of the forfeitable property described above.

4.     Money Judgment:  Upon conviction of the violation alleged in this Indictment, the United States will seek a forfeiture money judgment against the defendants in an amount equal to the total amount of proceeds obtained as a result

of defendants' violation of Title 18, United States Code, Section 2113(b), as alleged in this Indictment.

Dated: March 25, 2026                    THIS IS A TRUE BILL


                                         s/*Grand Jury Foreperson*
                                         GRAND JURY FOREPERSON

JEROME F. GORGON JR.
United States Attorney


s/*Anthony P. Vance*                     s/*Katharine Hemann*
ANTHONY P. VANCE                         KATHARINE HEMANN
Assistant United States Attorney         Assistant U.S. Attorney
Chief, Branch Offices                    101 First Street, Suite 200
600 Church Street                        Bay City, Michigan 48708-5747
Flint, Michigan 48502-1280               Phone: (989) 895-5712
Phone: (810) 766-5177                    Katharine.Hemann@usdoj.gov
anthony.vance@usdoj.gov                  Washington Bar No: 46237
P61148

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number |
|---|---|---|

**NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.**

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: Ludington |
| ☐ Yes   ☒ No | AUSA's Initials: |

**Case Title:** USA v.  Samuel Fobbs et al.

**County where offense occurred :**  Saginaw County

**Check One:**      ☒ Felony         ☐ Misdemeanor          ☐ Petty

____ Indictment/____Information — **no** prior complaint.
____ Indictment/____Information — based upon prior complaint [**Case number:**                    ]
_✓_ Indictment/____Information — based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** 25-cr-30286                          **Judge:**  Ludington

☒ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

March 25, 2026
Date

s/Katharine Hemann

101 First St. Ste. 200
Bay City, MI 48708
989-895-5712
Fax:   989-895-5790
E-Mail address: Katharine.Hemann@usdoj.gov
Attorney Bar #: WSBA #46237

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.